UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENDALL BROWN, ) | |
| ) | |
| Plaintiff, ) | Case No. 09 C 0011 |
| ) | |
| v. ) | Judge Robert W. Gettleman |
| ) | |
| EDWIN BURNETTE, COOK COUNTY ) | |
| PUBLIC DEFENDER'S OFFICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kendall Brown, a Cook County inmate awaiting trial, brings this *pro se* civil rights suit against Edwin Burnette, the former Cook County Public Defender, pursuant to 42 U.S.C. § 1983. The Defendant has moved to dismiss the action pursuant to Federal Rule fo Civil Procedure 12(b)(6) for failing to state a claim. For the reasons stated in this order, the motion to dismiss is granted.

### BACKGROUND

A reading of Plaintiff's complaint supports the following summary of the alleged operative conduct of the parties:

Plaintiff alleges that Illinois Supreme Court Rule 415(c) violates the United States and Illinois Constitutions because it denies him and other pre-trial detainees from receiving copies of discovery materials in their state criminal cases. When Plaintiff asked his public defender for copies of discovery materials in his state criminal case, the public defender told him that Rule 415(c) states that public defenders do not have to give their clients discovery materials and that it was the policy

of public defender's office to not provide copies of discovery materials to defendants. The inability of Plaintiff to have copies of his discovery materials prevents him from knowing the evidence the State has against him.

## ANALYSIS

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.*, 550 U.S. 544, 555-56 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1, (2002)). However, some factual allegations my be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claims." *Brooks v. Ross*, ___ F.3d ___, 2009 WL 2535731, *5 (7th Cir. Aug. 20, 2009).

Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the merits of the claim' rather than some technicality that might keep a plaintiff out of court. *Brooks*, ___ F.3d at ___, 2009 WL 2535731, at * 4, *quoting Swierkiewicz*, 534 U.S. at 514. Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The

2

plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic*, 550 U.S. at 556.

However, "a court need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks*, ___ F.3d at ___, 2009 WL 2535731 at *5, quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009). Plaintiffs cannot "merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims. . . ." *Brooks*, ___ F.3d at ___, 2009 WL 2535731 at *5. "[C]ourts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal arguments." *Brooks*, ___ F.3d at ___, 2009 WL 2535731, at *5.

## A. State Actor Under Section 1983

Defendant first argues that Plaintiff cannot bring his suit pursuant to Section 1983 because he is not a state actor.

To be liable under the Civil Rights Act, an individual must have both acted under color of state law and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). A public defender is not a state official – defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). Thus, Plaintiff cannot bring his suit pursuant to Section 1983.

3

## B. Constitutionality of Illinois Supreme Court Rule 415(c)

Although Plaintiff may not bring a Section 1983 suit against the public defender; Plaintiff may still challenge the constitutionality of Illinois Supreme Court Rule 314(c) in this Court under 28 U.S.C. § 1331. However, such a claim is without merit.

Illinois Supreme Court Rule 415(c) regulates discovery in criminal cases and provides, in relevant part:

> **(c) Custody of Materials.** Any materials furnished to an attorney pursuant to these rules shall remain in his exclusive custody and be used only for the purposes of conducting his side of the case, and shall be subject to such other terms and conditions as the court may provide.

Ill. S. Ct. R. 415(c).

The committee comments for Rule 415(c) states:

> If the materials to be provided were to become, in effect, matters of public availability once they had been turned over to counsel for the limited purposes which pretrial disclosures are designed to serve, the administration of criminal justice would likely be prejudiced. Accordingly, this paragraph establishes a mandatory requirement in every case that the material which an attorney receives shall remain in his exclusive custody. While he will undoubtedly have to show it to, or least discuss it with, others, he is not permitted to furnish them with copies or let them take it from his office.

Committee Comments at 357, 134 Ill. 2d 415(c).

Plaintiff alleges that his constitutional rights are violated by Rule 415(c) because his defense counsel will not provide him copies of discovery. The Rule's requirement that defense counsel not provide his client, the defendant in the state-criminal proceeding, copies of the discovery materials does not violate Plaintiff's federal constitutional rights because the constitution does not provide a general right to discovery in criminal cases. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1997);

4

*Gray v. Netherland*, 518 U.S. 152, 168 (1996); *see also United States v. Shrake*, 515 F.3d 743, 745 (7th Cir. 2008) (federal statute limiting pretrial discovery in criminal proceeding constitutional – defendants not constitutionally entitled to discovery); *United States v. Laurel-Jiminez*, No. 96-3490, 1997 WL 661136, * 1 (7th Cir. Dec. 14, 1997) (rejecting criminal defendant's argument that his guilty plea was not intelligent, noting that defense counsel made sure that the defendant understood that he could not have copies of the government's discovery because of the risk associated with providing copies of "such sensitive information to criminal defendants"); *People v. Savage*, 361 Ill. App. 3d 750, 759-61 (2005) (finding Illinois Supreme Court Rule 415(c)'s prohibition against providing defendants represented by counsel with copies of discovery materials did not violate the defendant's equal protection rights); *People v. Davison*, 292 Ill. App. 3d 981, 988 (1997) (finding defendant does not have a constitutional right to read discovery materials and his attorney's decision whether to provide defendant with such materials is a matter of trial strategy and is within defense counsel's discretion). Although the courts have recognized two exceptions to this rule: (1) where the court treats discovery requests by the prosecution more favorably that the defendant's requests, *Thompkins v. Cohen*, 965 F.2d 330, 333 (7th Cir. 1992), and (2) where a prosecutor withholds material, exculpatory information, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), Plaintiff does not contend that his requests for discovery were treated differently from the prosecutor's or that the state is withholding evidence. Rather, Plaintiff simply contends that he personally cannot obtain copies. Plaintiff does not have a constitutional right to copies of the discovery materials he seeks. Thus, he fails to state ma claim upon which relief can be granted.

## CONCLUSION

Based on the above, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Defendant's motion to dismiss is granted. Plaintiff's complaint is dismissed with prejudice.

Dated: September 18, 2009

Robert W. Gettleman
United States District Court Judge